## THE HUGHES LINE.

District Court, S. D. New York. October 9, 1928.

Crowell & Rouse, of New York City, for libelant.

Foley & Martin, of New York City, for claimant.

FRANK J. COLEMAN, District Judge. The only question remaining for decision is whether libelant's lien is barred by laches. The libel was not filed until more than 15 months after the repairs were completed, and the barge returned to its owner. In the meantime, 9 months after the completion of the repairs and the return of the barge to its owner, the latter sold it to an innocent third party, who had no notice of libelant's lien. The libel was not filed until 6 months after the barge had been transferred, but I specifically find that libelant had no knowledge or information concerning the transfer until about the time the libel was filed. The original owner has since been adjudicated a bankrupt, and there is no hope of his paying for the repairs. This controversy is between the lienor and the purchaser of the barge.

Where there is no statute of limitation applicable, a mere delay of 15 months in a case where rights of third parties have not intervened, and, where no harm was done to any one by the delay, would not, I believe, bar a recovery, in the absence of special circumstances. In this case, however, we have not only the intervention of an innocent third party, but also the additional circumstance that the lienor from the time the repairs were completed had knowledge of the precarious financial condition of the owner of the barge. For a number of years before the repairs were made, and up to the time the libel was filed, the lienor had actual knowledge that the owner of the barge was unable to make prompt payments, and that he was at no time far from insolvency. While it is true that the innocent purchaser had this same knowledge, the purchaser did all that it could to safeguard itself against a secret lien, except that it did not require an indemnity bond. It did, however, insist upon an affidavit from the original owner that there were no liens upon the barge.

Under these circumstances I believe that a delay of 15 months constitutes laches. Libelant should have foreseen the possibility of a sale of the barge and of the innocent purchaser's being unable to get redress from the insolvent owner. To wait for 15 months before disclosing to the world the existence of the lien was improper.

Decree for respondents.